UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIXSON GERARDO SANCHEZ CASTANEDA (A-213-535-434),<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al,<br>Respondents. | No. 1:26-cv-5610 DAD CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Edixson Gerardo Sanchez Castaneda (A-213-535-434), a native of Venezuela, who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, through his next friend and brother-in-law.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

## I. BACKGROUND

According to immigration records, petitioner was first apprehended by border patrol on December 7, 2019. (ECF No. 6-2 at 2.) On February 24, 2020, petitioner was encountered again

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

at the Brownsville, Texas, port of entry. (Id.)

On January 27, 2026, petitioner was arrested for DUI. (ECF No. 6-2 at 3.) Petitioner posted bond for the DUI charge on February 8, 2026. (Id.)

On or about February 9, 2026, petitioner was detained by immigration authorities. (ECF No. 1 at 2.) It is unclear whether petitioner has been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (Id.; ECF No. 6-2 (Form I-213).) Respondents do not contest petitioner's factual allegations. (See ECF No. 6 at 1.)

On July 20, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On August 2, 2026, respondents timely filed a reply to the petition. (ECF No. 6.)

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition challenging his detention as a due process claim under the Fifth Amendment, and not limited to a claim challenging his detention as prolonged. (See ECF No. 1.) The Court also notes that respondents

did not address prolonged detention in their response, and are therefore not prejudiced by the Court's construction. (See ECF No. 6.) Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead maintain their position that petitioner is detained under 8 U.S.C. § 1225(b). (ECF No. 6 at 1.) Respondents further do not contend that petitioner has a criminal history or that he violated any release conditions. (See id.)

Respondents acknowledge that petitioner is entitled to seek a custody redetermination hearing before an immigration judge in light of Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). (ECF No. 6 at 1.) The Court interprets respondents' acknowledgment to refer to the large volume of cases in which this district court has repeatedly rejected respondents' new interpretation[2] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the Immigration and Nationality Act ("INA") and/or violates due process.

While the instant petition was pending, the Ninth Circuit decided this issue in a binding decision, Rodriguez Vazquez, 2026 WL 2196424, at *3. In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. The majority of courts nationwide agree, rejecting respondents' new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the

[2] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

[Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, pursuant to Rodriguez Vazquez and based on respondents' acknowledgment, the Court recommends granting the petition and ordering petitioner's immediate release.

## IV. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted. Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondents be ordered to IMMEDIATELY release petitioner Edixson Gerardo Sanchez Castaneda (A-213-535-434), and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.
3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or

8 U.S.C. § 1231).

4. Given petitioner's pro se status, respondents be directed to file, within **seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.

5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 13, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/sanc5610.157.imm.frs.RELEASE